The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71857
Dear Senator Ross:
This is in response to your request for an opinion on whether certain groups of persons would be exempt from jury duty under Act 379 of 1991. Specifically, you have asked about firefighters, persons over sixty-five years of age, persons attending secondary schools or institutions of higher education, and persons with custody of children under the age of twelve.
Act 379 of 1991 amended A.C.A. § 16-31-103 (1987) to provide:
 Any person may be excused from serving as a grand or petit juror or a jury commissioner for such period as the court deems necessary when the state of his health or that of his family reasonably requires his absence; or when, for any reason, his own interests or those of the public will, in the opinion of the court, be materially injured by his attendance.
Act 379 removed numerous exemptions from jury duty that previously existed for various professionals, elected officials, and retired persons. See A.C.A. § 16-31-103 (1987). The legislature obviously intended to replace the established exemptions with the requirement of an independent determination in each case by the court that the individual in question should be exempt from jury duty either because of the health of the individual or his or her family or because of the harm that would be caused to either his own or the public interest by his service on a jury panel.
Accordingly, I cannot conclude as a matter of law that certain groups or individuals will be exempt from jury duty under Act 379. The exemption determination will have to be made by the court on an individual case by case basis. Certainly, a firefighter might be held exempt from jury duty if the court determines that the public interest will be materially injured by his service on a grand or petit jury. Similarly, a court might exempt a person over sixty-five years of age based on his or her health or that of his family. Persons enrolled in secondary school or attending institutions of higher education might be exempted based on the potential harm to their personal interests that jury service might cause. Finally, persons with custody of young children might be excused either because of their family's health needs or because of the harm to their own or the public interest that extended jury service might cause. Ultimately, the decision of whether an individual should be granted an exemption from jury service under Act 379 will depend upon the facts of the particular situation as viewed by the court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
WB:ch